**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| NAZARIA BAUTISTA BAUTISTA | CIVIL ACTION NO. 6:26-2319 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, ET AL. | MAGISTRATE JUDGE DAVID J. AYO |

**JUDGMENT**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] filed by Nazaria Bautista Bautista ("Petitioner"). At the time of filing, Petitioner was an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana.

Petitioner is a native and citizen of Mexico. In or about March 2000, Petitioner entered the United States. Petitioner was taken into immigration detention on or about May 14, 2026 [Doc. No. 1]. Counsel for Petitioner advised the Court that Petitioner has been removed from the United States and is no longer in the custody of U.S. Immigration and Customs Enforcement [Doc. No. 4].

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

An alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. Merlan v. Holder, 667 F.3d 538 (5th Cir. 2011) (per curiam); Dien Thanh Ngo v. Johnson, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

For the reasons set forth herein,

**IT IS ORDERED** that the Petition for the Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 26th day of October 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE